```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO,<br><br>**Plaintiff**,<br><br>v.<br><br>JORGE ANTONIO LABORDE-<br>CORRETJER,<br><br>**Defendant.** | **Civil No.** 15-1637 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Plaintiff Federal Deposit Insurance Corporation, as receiver for Doral Bank ("Doral") ("FDIC-R") filed a motion to dismiss defendant Jorge Antonio Laborde-Corretjer ("Laborde")'s counterclaim pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 16.) For the reasons set forth below, the Court **GRANTS** the FDIC-R's motion to dismiss the counterclaims, with prejudice. (Docket No. 16.)

**I.   Background**

Doral commenced a foreclosure action on January 21, 2015 in the Puerto Rico Court of First Instance to recover the collateral pledged by Laborde pursuant to Laborde's mortgage contract ("loan"). (Docket No. 6, Ex. 1 at pp. 1 and 3.) On March 30, 2015, Laborde answered and filed his counterclaim. Id. at pp. 11-16.

Civil No. 15-1637 (FAB)                                            2

While the foreclosure action was pending in the Puerto Rico Court of First Instance, the Office of the Commissioner of Financial Institutions closed Doral and appointed the FDIC as Doral's receiver. See Docket No. 16 at p. 2; United States v. Maisonet-González, 785 F.3d 757, 759 n.2 (1st Cir. 2015) ("On February 27, 2015, Doral Bank was closed by the Office of the Commissioner of Financial Institutions of Puerto Rico, which appointed the Federal Deposit Insurance Corporation as receiver."). "[T]he FDIC-R succeeded to all rights, titles, powers, and privileges of Doral Bank, including the power to resolve outstanding claims against Doral Bank in receivership." See Docket No. 16 at p. 2 (citing 12 U.S.C. § 1821(c)-(d)); O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (holding that pursuant to the language of 12 U.S.C. § 1821(d)(2)(A) the FDIC "steps into the shoes" of a failed institution).

The FDIC-R filed a Notice of Substitution in the Puerto Rico Court of First Instance to substitute Doral "exclusively as the counterclaim defendant." (Docket No. 16 at p. 2.) In March, April, and May 2015, "the FDIC-R published a Notice to Creditors and Depositors of Doral Bank on its website and in local newspapers which states that Doral Bank was closed and that . . . claims against Doral Bank in receivership had to be filed with the Receiver by a deadline." (Docket No. 16 at p. 2.)

Civil No. 15-1637 (FAB)                                                    3

Laborde "followed the administrative procedure and submitted a Proof of Claim to the FDIC-R." (Docket No. 16 at p. 2; Docket No. 16, Ex. 2.)  On September 22, 2015, the FDIC-R processed Laborde's claim and "rendered a determination to disallow the claim" because it was "[n]ot proven to the satisfaction" of the FDIC-R.  See id. at p. 3; Docket No. 16, Ex. 4.[1]  The Notice of Disallowance stipulated:

> Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver).  Your lawsuit must be filed within 60 days after the date of this notice. You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.
>
> Lawsuits: If you do not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of your claim will be final and you will have no further rights or remedies with respect to your claim.

Docket No. 16, Ex. 4 (citing 12 U.S.C. § 1821(d)(6)(B)(ii)).  As of May 3, 2016, Laborde "did not take any affirmative action to challenge the disallowance of his claim." (Docket No. 16 at p. 4.)

On May 3, 2016, the FDIC-R moved to dismiss Laborde's counterclaim for lack of subject-matter jurisdiction.  (Docket

---

[1] Pursuant to 12 U.S.C. § 1821(d) and (f), the FDIC-R has authority to allow or disallow claims in a bank receivership.  See 12 U.S.C. § 1821(d), (f).

No. 16.) The FDIC-R argues that "[c]ompliance with [12 U.S.C. § 1821(d)]'s administrative claims procedure is a jurisdictional prerequisite to subject-matter jurisdiction" pursuant to 12 U.S.C. § 1821(d)(13)(D). Id. at p. 6. According to the FDIC-R, Laborde "has not made any efforts to request the administrative review of the FDIC-R's disallowance determination nor has he made any efforts in continuing with the present action, commenced before the appointment of the receiver, within the period allowed by the federal statute." Id.

## II. Discussion

### A. Legal Standard

A party may move to dismiss an action for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is properly invoked when a plaintiff asserts a colorable claim "arising under" the United States Constitution or federal law. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted). "Generally, a claim arises under federal law within the meaning of section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (internal citations omitted).

In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all

reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (internal citations omitted). Federal courts are courts of limited jurisdiction, Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003), and a court "ha[s] the duty to construe [its] jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (Besosa, J.) (internal citations omitted). The party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira, 140 F.3d at 16 (internal citations omitted).

  **B.** **FIRREA Review Process**

  FIRREA sets forth a statutory claims process "designed to create an efficient administrative protocol for processing claims against failed banks." Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992). Pursuant to the review process, the FDIC is required "to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice." Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 19 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)); FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998).

  If a timely claim is filed, the FDIC must decide whether to approve or disallow the claim within 180 days. Acosta-Ramírez,

Civil No. 15-1637 (FAB)                                                  6

712 F.3d at 19 (citing § 1821(d)(5)(A)(i)); Simon v. FDIC, 48 F. 3d 53, 56 (1st Cir. 1995).  "Claimants then have sixty days from the date of disallowance or from the expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review)."  Acosta-Ramírez, 712 F.3d at 19 (citing 12 U.S.C. § 1821(d)(6)(A)).  Once the sixty-day period expires, "such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." Id. at n.8 (citing 12 U.S.C. § 1821(d)(6)(B)).

FIRREA restricts "the jurisdiction of courts [from] hear[ing] certain claims where the plaintiff has not complied with the statutory claims process" in 12 U.S.C. § 1821 ("section 1821"). Acosta-Ramírez, 712 F.3d at 19.  Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, *no court shall have jurisdiction over—*
>
> (i)   any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii)  any claim relating to any act or omission of such institution or the [FDIC] as receiver.

Civil No. 15-1637 (FAB)                                                7

12 U.S.C. § 1821(d)(13)(D) (emphasis added).  "[T]he failure . . . to comply with the sixty-day requirement to seek judicial review of the denial of [] administrative claims also deprives courts of jurisdiction."  Acosta-Ramírez, 712 F.3d at 20.  Consequently, "[c]ompliance with and exhaustion of the administrative procedure is mandatory."  FDIC v. Sánchez-Castro, No. 15-1954, 2016 WL 4257336, at *2 (D.P.R. 2016)(García-Gregory, J.)(citing Marquis, 965 F.2d at 1151).  If a claimant fails to comply with the review process, no court has subject-matter jurisdiction to hear the case.

A Court should dismiss claims with prejudice where claimants fail to exhaust the review process.  See, e.g., FDIC v. Estrada-Colón, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012)(Delgado-Colón, J.); FDIC v. Estrada-Rivera, 813 F. Supp. 2d 265, 269-79 (D.P.R. 2011)(Gelpí, J.); FDIC v. Negrón-Ocasio, No. 15-1888, 2016 WL 3920173 (D.P.R. July 18, 2016)(Delgado-Hernández, J.); FDIC v. Navarro-López, No. 15-1914, 2016 WL 3461204 (D.P.R. June 21, 2016)(Delgado-Hernández, J.).

  **C.   FDIC-R's Motion to Dismiss**

Because Laborde failed to challenge the FDIC-R's disallowance within the designated time pursuant to the review process, the Court lacks subject-matter jurisdiction over his counterclaim.  See Acosta-Ramírez, 712 F.3d at 20; Sánchez-Castro,

Civil No. 15-1637 (FAB)                                                8

No. 15-1954, 2016 WL 4257336, at *2 (citing Marquis, 965 F.2d at 1151).

### III. Conclusion

For the reasons set forth above, the FDIC-R's motion to dismiss the counterclaim (Docket No. 16) is **GRANTED**. The counterclaim is **dismissed with prejudice**. Judgment shall be entered accordingly. Because the Court no longer has subject-matter jurisdiction over this case, it is remanded to the Court of First Instance, San Juan Division, case number KCD 2015-182 (905), to continue the foreclosure action by the holder of the note against Laborde.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 3, 2019.

                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE